**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**GLENN ALLEN DOSS**                                                                                    **PLAINTIFF**

**VERSUS**                                                           **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.**                                                                                   **DEFENDANT**

**ORDER**

This cause is before the Court on the defendant's Motion for Summary Judgment [34]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff concedes the defendant's entitlement to judgment as a matter of law with regard to his claims for defamation and tortious interference with business relations. Accordingly, those claims will be dismissed with prejudice.

However, upon review of the record, the Court concludes that the plaintiff has demonstrated a triable issue of fact with regard to his Title VII claim against the defendant. Accordingly, summary judgment is inappropriate. In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Rather, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in its favor. Id. at 255. The United States Supreme Court has granted the trial court some degree of flexibility when confronted with a summary judgment motion: "Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would

be to proceed to a full trial." Id.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's' [34] Motion for Summary Judgment should be, and hereby is, GRANTED IN PART and DENIED IN PART. IT IS FURTHER ORDERED that the plaintiff's claims for defamation and tortious interference with business relations are hereby DISMISSED WITH PREJUDICE. . IT IS FURTHER ORDERED that plaintiff's remaining claim against the defendants is to be decided by a trial on the merits.

SO ORDERED, this the 1st day of February, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE