## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GLENN ALLEN DOSS,**                                                    **PLAINTIFF,**

**VS.**                                                    **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                                    **DEFENDANT.**

## RULINGS ON PROPOSED JURY INSTRUCTIONS

### Plaintiff's Proposed Jury Instructions

P-1 = Refused; peremptory
P-2 = Given; no objection
P-3 = Withdrawn
P-4 = Given; no objection
P-5A = Given as modified; first paragraph covered by C-1
P-6 = Given; no objection
P-7 = Given; objection regarding mixed-motive portion overruled
P-8 = Given; no objection
P-9 = Given; no objection
P-10 = Ruling reserved unless or until jury returns compensatory verdict

### Defendant's Proposed Jury Instructions

D-1 = Refused; peremptory
D-2A = Given as modified to allow for mixed-motive claim
D-3A = Given as modified
D-4 = Given; no objection
D-5 = Given; no objection
D-6 = Given; no objection
D-7 = Given; no objection
D-8 = Refused; covered by C-1
D-9 =Refused; covered by C-5
D-10 = Given; no objection

**SO ORDERED** this the 10th day of August, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**GLENN ALLEN DOSS,**                                          **PLAINTIFF,**

**VS.**                                          **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                          **DEFENDANT.**

### JURY INSTRUCTION C-1

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to give you the

instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law

to the facts as you find them from the evidence in this case.  You are not to single out one

instruction alone as stating the law, but must consider the instructions as a whole.  Neither

are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would

be a violation of your sworn duty to base a verdict upon any view of the law other than that

given in the instructions of the court, just as it would be a violation of your sworn duty, as

judges of the facts, to base a verdict upon anything other than the evidence of this case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor

as to any party.  Our system of law does not permit jurors to be governed by prejudice or

sympathy or public opinion.  Both the parties and the public expect that you will carefully

and impartially consider all of the evidence in the case, follow the law as stated by the court

and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respector of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two types of evidence you may consider. One is direct evidence – such as



testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of circumstances that tend to prove or disprove the existence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Now, I have said that you must consider all of the evidence; this does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may by discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is



inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the plaintiffs' claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GLENN ALLEN DOSS,                                              PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                              DEFENDANT.

### JURY INSTRUCTION C-2

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

GLENN ALLEN DOSS,                                        PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                        DEFENDANT.

## INSTRUCTION C-4

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GLENN ALLEN DOSS,**                                               **PLAINTIFF,**

**VS.**                                                    **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                             **DEFENDANT.**

### JURY INSTRUCTION C-5

If the Plaintiff has proven his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, recover damages. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GLENN ALLEN DOSS,**                                    **PLAINTIFF,**

**VS.**                                                  **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                   **DEFENDANT.**


### JURY INSTRUCTION P-2

The Court instructs the jury that the Plaintiff has filed claims against Defendant Boyd

Gaming Corporation under the Civil Rights Act of 1964. Title VII prohibits discrimination because

of gender. Plaintiff claims he was terminated from his position with Defendant, at least in part,

because of his gender, male.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GLENN ALLEN DOSS,**                                        **PLAINTIFF,**

**VS.**                                        **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                        **DEFENDANT.**

### JURY INSTRUCTION P-4

The Court instructs the jury that the laws of the United States require that there be no differing treatment of employees based upon their gender. Under the laws of the United States, gender must be a neutral factor and cannot be considered in making an employment decision.

If you find that a similarly-situated female employee was given preferential treatment, then you must find that Defendant violated Title VII's prohibition of gender discrimination.

If you find, from a preponderance of the evidence, that the Defendant did not treat gender neutrally, but, instead, used gender to favor a female employee, then, in that event, the decision to fire Plaintiff was unlawful discrimination, and you must find for the Plaintiff and award him appropriate damages.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

GLENN ALLEN DOSS,                                    PLAINTIFF,

VS.                                    CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                    DEFENDANT.

### JURY INSTRUCTION P-5

The Court further instructs the jury that discrimination can rarely be proven by direct evidence. It is seldom that an employer admits discrimination. In order to prevail, Plaintiff need not prove that Defendant ever admitted that it discriminated against Plaintiff. Rather, to prevail, Plaintiff is entitled to rely upon circumstantial evidence and any reasonable inference that the jury may draw from that evidence.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GLENN ALLEN DOSS,**                                              **PLAINTIFF,**

**VS.**                                          **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                            **DEFENDANT.**

## JURY INSTRUCTION P-6

The Court instructs the jury that a plaintiff may establish circumstantial evidence of intentional discrimination by demonstrating that a defendant's articulated nondiscriminatory reason for termination was pretextual. A pretextual reason is one that is not the real reason. In determining whether a reason is pretextual, you are to use your own common sense and good judgment.

Defendant claims that it fired Plaintiff for violating HIPAA law and not calling in properly.

It is your duty to decide whether there was discrimination in this case, bearing in mind that you, as jurors, are to make the determination of who is telling the truth and of drawing reasonable inferences from the facts.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

GLENN ALLEN DOSS,                                       PLAINTIFF,

VS.                                         CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                       DEFENDANT.

### JURY INSTRUCTION P-7

The Court instructs the jury that if it rejects the reasons given by the Defendant for firing Plaintiff and believes those reasons were not the real reasons, the jury is permitted to infer that the real reason was intentional discrimination, and no additional proof of discrimination is required. You may infer the ultimate fact of discrimination from the falsity of the Defendant's explanation.

Discrimination may be proved either by (1) proving Defendant's reasons were false or (2) by proving gender was a motivating factor.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GLENN ALLEN DOSS,                                    PLAINTIFF,

VS.                                    CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                    DEFENDANT.

### JURY INSTRUCTION P-8

If you return a verdict in favor of Glenn Allen Doss on his claim for gender discrimination, then it will be your duty to award Mr. Doss actual damages.

The purpose of actual damages is to make Mr. Doss whole; that is, to compensate him for the actual damages he has suffered. Damages include the following elements: (1) lost wages and benefits from the time of discharge up until the date of trial; and (2) compensatory damages for emotional pain, suffering, inconvenience, mental anxiety, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing which Mr. Doss suffered.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GLENN ALLEN DOSS,                                        PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                      DEFENDANT.

## JURY INSTRUCTION P-9

The Court instructs the jury that your calculation of damages should be reasonable and supported by evidence presented in the record. It is not, however, necessary that the amount be exact or certain. Unrealistic exactitude is not required. Further, all uncertainties should be resolved against the discriminating employer.

15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GLENN ALLEN DOSS,**                                      **PLAINTIFF,**

**VS.**                                         **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                   **DEFENDANT.**

## JURY INSTRUCTION D-2

Plaintiff has the ultimate burden of proving that his sex was a determining factor in his termination.

The mere fact that plaintiff is a male and that he was replaced with a female is not sufficient in and of itself to establish plaintiff's claims. To prove that defendant acted unlawfully, plaintiff must prove that his sex was a reason he was terminated.

If you find that defendant's decision to terminate plaintiff was based solely on factors other than plaintiff's sex, then you must find in favor of the defendant.

15-A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GLENN ALLEN DOSS,**                                              **PLAINTIFF,**

**VS.**                                          **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                       **DEFENDANT.**

### JURY INSTRUCTION D-3

Plaintiff claims that the decision to terminate him was due to his sex.  The defendant denies that sex played any role in its decision and decided to terminate plaintiff based on non-discriminatory reasons including violation of company policy in regards to the disclosure of confidential medical information, leaving early from work and improper call-outs.

Plaintiff has the ultimate burden of proving that defendant terminated him because of his sex. Plaintiff must prove his claims by a preponderance of the evidence.  If you determine that defendant terminated Plaintiff for a reason other than his sex, then you must find in favor of the defendant.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GLENN ALLEN DOSS,**                                        **PLAINTIFF,**

**VS.**                                            **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                       **DEFENDANT.**

### JURY INSTRUCTION D-4

In considering defendant's reasons for terminating plaintiff, you are not to second-guess the wisdom or reasonableness of defendant's business decision. Defendant has the right to terminate plaintiff for any reason or no reason, fair or unfair, so long as plaintiff's sex was not the real reason for the decision.

For defendant to prevail in this lawsuit, you need not determine that defendant was correct in its decision; you need only determine that defendant believed that its actions were appropriate.

When considering this issue, you should remember that defendant is entitled to use its own business judgment or make its own decisions, so long as it does not make those decisions on the basis of illegal criteria such as unlawful discrimination. If defendant believed that the decision relating to plaintiff's employment was justified, even if those beliefs are incorrect or mis-informed, then you must find for the defendant. If you find that defendant's reason for terminating plaintiff was not motivated by an intent to unlawfully discriminate, but by some other factors, then the law says that plaintiff is not entitled to relief.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GLENN ALLEN DOSS,**                                          **PLAINTIFF,**

**VS.**                                          **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                          **DEFENDANT.**

## JURY INSTRUCTION D-5

With some frequency, you have heard the term "pretext." A "pretext" is a fictitious reason or motive advanced to conceal a real one. Evidence of pretext is not enough if plaintiff has created only a weak issue of fact as to whether defendant's reasons for its decision are true, and there is independent evidence that no unlawful discrimination occurred. Accordingly, it is not enough for plaintiff to show merely that the reasons given by defendant were a pretext. Plaintiff must establish that the real reason by such pretext was defendant's intent to discriminate against him due to his sex.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GLENN ALLEN DOSS,**                                          **PLAINTIFF,**

**VS.**                                          **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.,**                                          **DEFENDANT.**

### JURY INSTRUCTION D-6

In order to prove his claim that he was treated differently than a female, plaintiff must prove by a preponderance of the evidence that a female "similarly situated" to him was treated differently because of her sex.

For employees to be "similarly situated," the other employees' circumstances, including their alleged misconduct, must have been "nearly identical" to plaintiff's alleged misconduct. Under the law, this "nearly identical" standard is a stringent standard-employees with different responsibilities, different supervisors, different capabilities, different work rule violations or different disciplinary records are not considered "nearly identical."

The parties do not dispute that disclosing confidential medical information is a violation of defendant's policies and procedures. Plaintiff does not deny that he disclosed confidential medical information to other employees. Plaintiff claims that a female employee similarly situated to him also disclosed confidential medical information and was not discharged by the Defendant.

Because Plaintiff was discharged and Ms. Pritchett was not, plaintiff claims that he was subject to disparate or different treatment because of his sex. Defendant denies that Kathy Pritchett is similarly situated to plaintiff because Kathy Pritchett was not a manager like plaintiff, did not directly or purposefully disclose confidential medical information to other employees did not engage

19

in the same misconduct as plaintiff regarding leaving work early and did not improperly call-out.

If you determine that plaintiff was not similarly situated to the female employee, Kathy Pritchett, then you must find in favor of Defendant. If you determine that plaintiff was similarly situated to the female employee, Kathy Pritchett, you must then determine whether defendant's actions in discharging plaintiff was based on sex discrimination.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

GLENN ALLEN DOSS,                                          PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                          DEFENDANT.

## JURY INSTRUCTION D-7

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate – to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny his recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his own failure to mitigate, you must weigh all of the evidence in light of the particular circumstances of the case, using sound discretion whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

21

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

GLENN ALLEN DOSS,                                               PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                              DEFENDANT.

## JURY INSTRUCTION D-10

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole--that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GLENN ALLEN DOSS,                                                      PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                                    DEFENDANT.

## JURY INSTRUCTION C-3

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court.  A verdict form has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it, and the foreman is to bring it with him or her when all of the jury returns to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreman or forewoman and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

23

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

GLENN ALLEN DOSS,                                          PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                          DEFENDANT.

### JURY INSTRUCTION P-10

The Court instructs the jury that punitive damages are added damages awarded for the public service of bringing a wrongdoer to account, and in making an example of one to deter others from repeating the same act. Such awards punish and compel the wrongdoer to have due and proper regard for the rights of the public. Such damages may be awarded not only for willful and intentional wrongs, but also for gross and reckless negligence, which in the eyes of the law is the equivalent of a willful wrong.

In assessing the amount of punitive damages, if any, to be assessed against the Defendant, you may consider the following factors: (1) the amount necessary to punish the wrongdoer for his actions; (2) the amount necessary to deter a wrongdoer from engaging in such conduct in the future; and (3) the amount necessary to deter others from engaging in such conduct in the future by making an example of the wrongdoer.



*given as modified*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GLENN ALLEN DOSS**                                              **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.: 2:08 CV 227-P-A**

**BOYD GAMING CORPORATION,**
**a/k/a BOYD GAMING, INC., d/b/a**
**SAM'S TOWN HOTEL AND GAMBLING HALL**              **DEFENDANT**

---

### INSTRUCTION P-5

---

The Court instructs the jury that there are generally two types of evidence from which a jury may properly find the facts of any case. One is direct evidence such as an admission. The other is indirect or circumstantial evidence, which means that a chain of circumstances points to the existence of certain facts. The law makes no distinction between direct and circumstantial evidence. Each type of evidence has equal value in the eyes of the law. The law simply requires a jury to find the facts from all the evidence in the case, whether the evidence is direct or circumstantial.

*covered by C-1*

The Court further instructs the jury that discrimination can rarely be proven by direct evidence. It is seldom that an employer admits discrimination. In order to prevail, Plaintiff need not prove that Defendant ever admitted that it discriminated against Plaintiff. Rather, to prevail, Plaintiff is entitled to rely upon circumstantial evidence and any reasonable inference that the jury may draw from that evidence.

*Refused*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

GLENN ALLEN DOSS                                              PLAINTIFF


VERSUS                                    CIVIL ACTION NO.: 2:08 CV 227-P-A


BOYD GAMING CORPORATION,
a/k/a BOYD GAMING, INC., d/b/a
SAM'S TOWN HOTEL AND GAMBLING HALL                            DEFENDANT

---

## INSTRUCTION P-1

---

The Court instructs the jury to return a verdict in favor of the Plaintiff, Glenn Allen Doss,

and against the Defendant, Boyd Gaming Corporation, on Plaintiff's claim that he was discriminated

against because of his gender.

*Refused*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GLENN ALLEN DOSS**                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.**                                          **DEFENDANT**

### DEFENDANT BOYD'S PROPOSED JURY INSTRUCTION D-9

If the Plaintiff has proven her claims against the Defendants by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

*Refused*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**GLENN ALLEN DOSS**                                                      **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.**                                          **DEFENDANT**

## DEFENDANT BOYD'S PROPOSED JURY INSTRUCTION D-8

You must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GLENN ALLEN DOSS**                                    **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 2:08CV227-P-A**

**BOYD TUNICA, INC.**                                    **DEFENDANT**

### DEFENDANT BOYD'S PROPOSED JURY INSTRUCTION D-1

The court instructs the jury to return a verdict in favor of the defendant.

*withdrawn*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

GLENN ALLEN DOSS,                                    PLAINTIFF,

VS.                                    CIVIL ACTION NO. 2:08CV227-P-A

BOYD TUNICA, INC.,                                    DEFENDANT.

### JURY INSTRUCTION P-3

The Court instructs the jury that federal law makes it unlawful for gender to be a motivating factor in employment decisions. In order to prevail on a claim of gender discrimination, it is not necessary that Plaintiff prove that gender was the only reason that he was terminated. It is only necessary that he prove that gender played a role in the Defendant's decision-making process and had a determinative influence on its decision.

9